The Honorable Jerry Karr State Senator, 17th District Office of Democratic Leader State Capitol, 347-N Topeka, Kansas 66612-1504
Dear Senator Karr:
As senator for the seventeenth district, you request our opinion regarding the validity of resolutions passed by the board of Chase county commissioners. Specifically, you ask whether the Chase county commission acted within the scope of its authority in (1) establishing the county administrator position, and (2) establishing a county department of corrections and rehabilitation.
The board of county commissioners is vested with broad home rule powers to "transact all county business and perform all powers of local legislation and administration it deems appropriate," subject to certain enumerated restrictions and prohibitions. K.S.A. 1993 Supp. 19-101a(a). Further, K.S.A. 19-212 lists specific powers which may be exercised by the board of county commissioners, including the Sixth paragraph, the power "[t]o represent the county and have the care of the county property, and the management of the business and concerns of the county, in all cases where no other provision is made by law."
Chase county 1992 resolution no. 1 created the position of administrative assistant to the board of county commissioners. This is a position to provide assistance and advice regarding the financial management and operation of the county jail. We have found no statutes prohibiting or limiting the county's authority to create such a position. Thus, in our opinion, the board of county commissioners of Chase county has authority under its home rule powers to create an administrative position as it deems appropriate and to fund it in the county budget.
Chase county 1992 resolution no. 3 established the Chase county department of corrections and rehabilitation. The board of county commissioners believed that the handling of correctional activities in Chase county can be better accomplished as part of an overall coordinated correctional program, and deemed it necessary to establish a department of corrections and rehabilitation pursuant to its home rule powers. The board of Chase county commissioners also established the position of Chase county director of corrections whose responsibility is to oversee the operation of the department and to develop recommendations and suggestions to the Chase county board of commissioners for the operation of the department. We find that this resolution was within the powers of the board of county commissioners as well.
Chase county 1992 resolution no. 4 transferred the authority, responsibility and liability for the operation of the county jail from the sheriff's office to the department of corrections and rehabilitation. K.S.A. 12-3901 states that the purpose of the consolidation act is to permit "consolidation of operations, procedures and functions of offices and agencies of such subdivisions which may be more efficiently and effectively exercised or provided by a single office or agency." Attorney General Opinion No. 88-5 stated:
 "Subject to compliance with mandated procedures which include electorate approval, the governmental organization act permits the elimination of an elected office and the assumption of its duties by one or more offices or agencies. The elimination of the office and the assumption of its functions and duties by other entities must further efficiency or avoid duplication and must not be a sham elimination of an elected office done to avoid civil service or tenure requirements. When the county commission possesses authority to create and appoint a county office, the consolidation statutes permit duties of an eliminated elected office to be transferred to that appointive office."
K.S.A. 12-3903 gives the board of county commissioners authority to consolidate the operations, procedures or functions performed by offices by the passage of a resolution setting out the time, form and manner of consolidation and designating the surviving office.
A county commission may, pursuant to K.S.A. 12-3901 et seq., consolidate the position of county engineer with a county-created position of road supervisor. Attorney General Opinion No. 80-98. The board of county commissioners may, by resolution, prescribe duties and designate an appropriate county officer or officers to attend to the function of the making of the use reports to the director of the revenue sharing program. Attorney General Opinion No. 80-138.
In conclusion, the board of Chase county commissioners is authorized to enact resolutions in establishing the position of administrative assistant and the department of corrections and rehabilitation in the exercise of the legislative and administrative power granted by the legislature under the home rule statutes.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas